IN THE MATTER OF THE ESTATE OF HARRY F. POWELL, SOMETIMES KNOWN AS AND CALLED H. F. POWELL, DECEASED.

JANIE McALLISTER, AS ADMINISTRATRIX WITH THE WILL ANNEXED OF THE ESTATE OF FLORENA J. POWELL, DECEASED, APPELLANT, *v.* GEORGE A. MONTROSE, AS ADMINISTRATOR OF THE ESTATE OF HARRY F. POWELL, SOMETIMES KNOWN AS AND CALLED H. F. POWELL, DECEASED, RESPONDENT.

No. 3387

April 1, 1943.                    135 P. (2d) 435.

*John V. Copren,* of San Francisco, Calif., and *Arthur A. Platz,* of Reno, for Appellant.

*John R. Ross* and *George L. Sanford,* both of Carson City, for Respondent.

**O P I N I O N**

By the Court, TABER, J.:

Respondent is administrator of the estate of Harry F. Powell, who died intestate in February 1936, being, at the time of his death, a resident of Lyon County. His sole heir was his widow, Florena J. Powell. She died some time after the death of her said husband, and appellant was appointed administratrix with the will annexed of her estate.

On October 14, 1942, said administrator filed in the First judicial district court, Lyon County, his petition for an order of sale of real and personal property belonging to the estate of said Harry F. Powell. On November 10, 1942, written opposition to the granting of said petition was filed in said district court by appellant. Upon hearing the petition the district court, on November 10, 1942, overruled the objections to the granting of the petition and ordered the property sold as prayed therein. Notices of the proposed sale were posted on said 10th day of November.

On November 27, 1942, appellant filed and served her notice of appeal from said order of sale and order overruling her objections to said petition, and on the same date filed her undertaking on appeal. On December 22, 1942, this court made an order extending appellant's time to serve and file transcript and record on appeal to and including January 2, 1943. Said order extending time contains the following provision: "The above order is made over the objection of attorneys for respondent and with the express understanding that respondent waives no right he may have to move the dismissal of said appeal." The transcript on appeal was filed on said 2d day of January 1943.

On January 7, 1943, in this court, respondent noticed two motions, one to strike the bill of exceptions from the record on appeal, and the other to dismiss the

appeal. It is these motions which are now before this court for its determination.

The transcript or record on appeal, except for the caption and index, consists of the following papers only: (1) Said petition for order of sale; (2) order to show cause; (3) opposition of administratrix to the granting of said petition; (4) order of sale; (5) district court minutes of November 10, 1942; (6) notice of sale, with affidavit of posting attached; (7) notice of appeal, with proof of service of same; (8) undertaking for costs on appeal; (9) district court clerk's certificate to transcript on appeal; (10) exhibit "A," being certified copy of letters of administration with the will annexed in the matter of the estate of Florena J. Powell, deceased; (11) exhibit "B," being certified copy of proposed bill of exceptions; (12) proof of service of transcript on appeal and exhibits.

Respondent's motion to strike the bill of exceptions is based upon the ground that the bill has not been prepared, approved, settled, allowed, and filed as required by law, and in particular by sec. 31 of the 1937 new trials and appeals act (Stats. of Nevada 1937, chap. 32, p. 53, at pp. 63–65, sec. 9385.81, 1931–1941 Supplement to N. C. L. 1929). Appellant contends: (a) That she served and filed a proper proposed bill of exceptions but was unable to obtain any settlement thereof by the court, and as her time for filing the transcript on appeal was about to expire, she attached thereto as an exhibit a certified copy of the proposed bill of exceptions which had been served and filed; (b) that if the proposed bill of exceptions did not correctly set forth a true statement of the facts and matters involved, respondent, under the provisions of sec. 32 of said act (secs. 9385.82, 1931–1941 Supplement to N. C. L. 1929), was required to file objections to the proposed bill, and having failed to do so waived his right to make such objections, under the express provisions of sec. 36 of said act, being sec. 9385.86 of the 1931–1941 Supplement to N. C. L. 1929;

(c) that by reason of respondent's failure to file such objections, the district court had the power and it was its duty to settle the bill of exceptions on its own initiative.

■ We think it clear, from our statutes and previous decisions of this court, that there is no bill of exceptions before us on this appeal, and it is equally clear that the certified copy of proposed bill of exceptions attached as an exhibit to the transcript on appeal constitutes no part of the judgment roll.

■ Appellant's alleged inability to obtain settlement of the bill of exceptions by the lower court does not appear in any of the papers making up the judgment roll. But even if the lower court had unlawfully refused to settle the bill, appellant would have had his remedy in this court, and his time for filing the transcript on appeal would have been extended for the purpose of enabling him to pursue such remedy.

■ It does not appear from the judgment roll that respondent failed to file objections to the proposed bill of exceptions. But if respondent did so fail, the proposed bill did not ipso facto become a bill of exceptions for purposes of the appeal; it was still necessary that the bill be settled and allowed as required by statute.

■ There is no statutory provision, nor has appellant cited any authority to sustain her contention that it was the duty of the trial judge to settle the bill of exceptions on his own initiative. Furthermore, there is no bill of exceptions and nothing in the judgment roll upon which to base the presentation of such a contention. Again, even if it were the law that the trial judge must of his own motion settle a bill of exceptions where there is a failure to file objections to the proposed bill, there is no statute, nor has any authority been cited, to show that his failure to do so would of itself operate to make the proposed bill one which could properly constitute a part of the record on appeal. Appellant's remedy would be in this court, to compel the trial judge to act.

■ Notwithstanding the absence of a bill of exceptions, an appeal may be taken on the judgment roll from an order directing or authorizing the sale or conveyance or confirming the sale of property. 1941 Estate of Deceased Persons Act, secs. 293, 294, being secs. 9882.293 and 9882.294 of the 1931–1941 Supplement to N. C. L. 1929. But respondent contends that the appeal herein should be dismissed because all matters in controversy in the district court proceeding and on this appeal have become abstract or moot; and for the further reasons that the appeal is frivolous in that the district court order of November 10, 1942, was vacated by that court on December 16 of the same year; that said order of December 16 vacating the previous order of sale was granted upon petition filed, notice given to all interested parties, and a hearing in open court, and that there is no such order in effect or existence as that of November 10, 1942, from which the appeal purports to have been taken.

In her written opposition to administrator's petition for order of sale, administratrix denied that there was any necessity for the sale of estate's property, either real or personal, denied that it was necessary or proper to make any immediate repairs on ditch or dam as alleged in the petition, and denied that such repairs as might be necessary would be expensive. She averred that the petition did not set forth facts showing the necessity for the sale of any of the property, and that the administrator had in his possession sufficient money to pay all the bills and expenses of administration.

The petition and the written opposition thereto raised issues of fact. Sec. 290 of the 1941 estates of deceased persons act (sec. 9882.290 of the 1931–1941 Supplement to N. C. L. 1929) provides that all issues of fact in matters of an estate shall be disposed of in the same manner as is by law provided upon the trial of issues of fact in a common law action. It is conceded by the respective parties that upon the hearing of the petition for order of sale no testimony was offered or evidence

given in support of either the petition or administratrix's opposition thereto.

Appellant contends that the action of the trial court in making the order of sale was erroneous, but not void, and that therefore said court was without jurisdiction, in December 1942, to vacate said order, for the reason that her appeal taken in November 1942 divested that court of any further jurisdiction with respect to the order of November 10.

At the hearing of the petition for order of sale testimony should have been offered, or other evidence given, so that the court could be satisfied by proof that facts and circumstances existed which required a sale of the property. Fridley v. Murphy, 25 Ill. 146. Upon the hearing of a petition by an administrator for the sale of estate property, the burden is upon him to show the necessity for such sale; and where, as here, the allegations of the petition as to such necessity were denied, it was incumbent upon petitioner to establish them by evidence. Without any testimony or other evidence whatsoever there was nothing to support an order of sale, so the action of the court in granting the petition and making the order was not merely erroneous, but void. Such being the case, the district court had jurisdiction to vacate said order of sale after, as well as before, administratrix had taken her appeal. The order vacated was the same as that from which administratrix has appealed, but as it was void and has been regularly vacated, there is no longer anything upon which the appeal can operate.

The proposed bill of exceptions is ordered stricken from the record on appeal, and the appeal is dismissed.